THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PABLO MÉNDEZ FELICIANO, Defendant and Appellant.

No. CR-63-308.     Decided May 27, 1964.

*Ramón Torres Rodríguez, José M. Cruz Vargas,* and *José Luis Méndez* for appellant. *Rodolfo Cruz Contreras, Acting Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Appellant was convicted of a violation of Act No. 220 of 1948 (Bolita Act) and sentenced to serve 7

months in jail. As sole error he assigns the insufficiency of the evidence. The evidence for the prosecution consisted in the testimony of an undercover agent who, in synthesis, testified that on April 30, 1961 on Street No. 3 in Ward Tabla Astilla in San Sebastián, Puerto Rico, he met defendant in front of his residence, who asked him whether "I wanted to buy a number, that is, to bet on a number for the game of Bolita, No. 077, and I answered affirmatively and I bet on the number." He gambled 35 cents on that number. Defendant jotted it down in a list he had in his pocket; he jotted the number down, added a dash and number one, which meant that witness had gambled on that number once.

■ ■ The principal fact of the sale was proved. Appellant argues, nevertheless, that said testimony should not be believed because the witness incurred in contradiction as to how he disposed of the television tube box where the witness had jotted down the number on which he gambled and which he did not present at the trial. Apart from the fact that the trial court considered as satisfactory the witness' explanation about the occurrence with said television tube box, the apparent contradiction assigned by appellant is not decisive as to the main issue of the sale because the maxim *"falsus in uno, falsus in omnibus"* does not authorize the dismissal of the whole testimony of a witness because he was false in relation to one or more particulars, and the fact that the contradiction is produced in a case in which the evidence for the prosecution only consists in the testimony of the undercover agent does not vary the situation. *People* v. *Nazario*, 87 P.R.R. 122 (1963).

The judgment appealed from will be affirmed.